UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case Number 18-20633

v.                                     Honorable David M. Lawson

DELMAL LAMAR MYERS,

           Defendant.
_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Delmal Myers has filed a motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Because he has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion will be denied.

I.

On February 20, 2016, Myers pleaded guilty to possessing a firearm as a convicted felon and was sentenced on June 4, 2019 to 28 months in prison. The firearm was discovered in the defendant's house during the execution of a search warrant on September 6, 2018, as part of a drug trafficking investigation. The officers did not find any drugs during that search, but they did seize drug packaging that tested positive for heroin, a scale, and two handguns.

Myers currently is confined by the Bureau of Prisons (BOP) at FCI Morgantown, a minimum-security prison in West Virginia. His protected release date in June 30, 2021. He has served roughly half of his 28-month sentence. Myers is 40 years old.

On May 26, 2020, Myers submitted a request to the warden at FCI Morgantown seeking compassionate release due to the health risks posed by the coronavirus pandemic. The warden

denied Myers's request on June 15. Myers then filed an administrative appeal on June 27, 2020, which was denied on July 31. On July 13, 2020, the defendant filed a *pro se* motion for appointment of counsel to help him file a motion compassionate release. In his motion, Myers argues that he qualifies for release based on his medical conditions including high blood pressure, obesity, depression, and his race (African-American). The Court construed that as a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), appointed counsel, and ordered a response from the government. The government responded on August 10, 2020. No reply has been filed.

FCI Morgantown, where Myers is in custody, currently houses 482 inmates. The most recent data disclosed by the BOP indicates that none of them have active cases of COVID-19. *COVID-19*, Bureau of Prisons (Aug. 18, 2020), https://www.bop.gov/coronavirus/. One staff member has an active case reported. *Ibid.* To date, one other staff member contracted COVID-19 and recovered.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Myers relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, *first*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *second*, if "extraordinary and compelling reasons warrant such a reduction," and *third*, if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it").

Myers's showing on the second element — extraordinary and compelling reasons — is insufficient, so it is unnecessary to discuss the other two. To establish extraordinary and compelling reasons for the relief he requests, Myers points to the conditions of his physical health, arguing that he is vulnerable to complications if he were to contract COVID-19. And he is understandably concerned about being infected with the coronavirus. "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications and death. Because there is no current vaccine, the Centers for Disease Control and

Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States of America v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ortiz*, 2020 WL 3640582, at *2 (collecting cases; footnotes omitted).

Myers argues that compassionate release is warranted based on his high blood pressure, obesity, depression, and his race. The defendant contends that those conditions increase the risk to his health posed by the ongoing coronavirus pandemic.

The government concedes that the request for release has been exhausted properly, so that threshold requirement for relief has been satisfied. However, the defendant has not advanced sufficiently compelling circumstances to warrant a sentence reduction based on his diagnosed medical conditions, only one of which comprises recognized a serious risk factor for coronavirus infection.

Although the CDC recognizes pulmonary hypertension as a risk factor, *ibid.*, the record does not support Myers's assertion that he suffers from hypertension, let alone the pulmonary

variety. Myers's medical records also reflect that his blood pressure is normal: on July 28, 2019, the BOP recorded his blood pressure as 103/68, and on July 16, 2020 it was 109/72. *See About High Blood Pressure*, Ctrs. for Disease Control and Prevention (May 19, 2020), https://bit.ly/2Q9dmdW (defining "normal" blood pressure as any reading below 120/80). He also denied having hypertension in three different health screening interviews in July 2019.

Depression is not recognized as a condition that may increase an individual's risk of complications from COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention (Aug. 14, 2020), https://bit.ly/2EfPEKc.

It is widely recognized and publicly acknowledged that persons who are seriously obese face an increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassister*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16). However, it does not appear that the defendant's obesity is severe. In July 2019, he registered a BMI of about 31.5. 2019 Medical Records, ECF No. 43, PageID.267. Although his current body weight is unknown, he apparently lost a significant amount in weight in 2019. The presentence report described Myers around the time of his February 2019 guilty plea as 6'5" tall and 285 pounds, but his medical records reflect that on July 18, 2019, he weighed about 260 pounds. Moreover, Myers's medical records do not indicate that he suffers from any problems associated with his weight.

Myers's argument that he is at a higher risk of serious illness because of his race does not amount to an extraordinary and compelling reason warranting his release. Unfortunately, it is true

that the rates of death and hospitalization from COVID-19 among African-Americans is much higher than that among the general population. *See, e.g.*, Tiffany Ford, Sarah Reber, and Richard V. Reeves, *Race Gaps in COVID-19 Deaths Are Even Bigger Than They Appear*, Brookings, June 16, 2020, https://www.brookings.edu/blog/up-front/2020/06/16/race-gaps-in-covid-19-deaths-are-even-bigger-than-they-appear. However, so far as is currently understood, that difference most likely owes to "[l]ong-standing systemic health and social inequities." *COVID-19 in Racial and Ethnic Minority Grps.*, Ctrs. for Disease Control and Prevention, (July 24, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html.

As other courts have recognized, the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does. *See, e.g.*, *United States v. Harris*, 2020 WL 4788027, at *3 (E.D. Mich. Aug. 18, 2020); *United States v. White*, 2020 WL 2733891, at *5 (E.D. Mich. May 26, 2020); *Carlos M.D. v. Anderson*, 2020 WL 2487646, at *8 (D.N.J. May 14, 2020); *United States v. Leigh-James*, No. 3:15-CR-188 (SRU), 2020 WL 4003566, at *8 (D. Conn. July 15, 2020).

Additionally, FCI Morgantown, where Myers is held, appears to be relatively safer than many comparable institutions. The facility holds only 482 inmates, none of which have active cases of COVID-19. *COVID-19*, Bureau of Prisons (Aug. 18, 2020), https://www.bop.gov/coronavirus/. So far, only two staff members contracted the disease, one of which has recovered. And unlike many defendants for whom courts granted motions for compassionate release, Myers has not served the majority of his sentence. He served only about half of it. Public Inmate Data, ECF No. 42-2. Prison Records, ECF No. 73-1; *see, e.g. United States v. Sawicz*, No. 08-287, --- F. Supp. 3d ---, 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020)

(granting compassionate release of defendant with hypertension who was housed at a facility where COVID-19 cases were reported, with only five more months to serve before being eligible for home confinement).

None of this is to minimize the seriousness of the coronavirus pandemic or the alarming rapidity of its spread within federal prisons. But the pandemic is a global phenomenon and some risk is inherent no matter where Myers resides, either at home or in prison. He asserts that his risk would be lower at home, but he has not put forth any convincing evidence to demonstrate that he is at an especially elevated risk of harm in the present situation of confinement. And Michigan has a significant number of confirmed COVID-19 cases.

Myers has not satisfied the "extraordinary and compelling" requirement of 18 U.S.C. § 3582(c)(1)(A). He is a relatively healthy 40-year-old, mildly obese man held in a detention facility with no active COVID-19 cases among inmates. Therefore, he has not shown justification to reduce his sentence to time served.

III.

Myers has exhausted his administrative remedies, but he has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 36) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   August 24, 2020